UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:12-CR-016-SDJ |
| | § | |
| MALCOLM CODY CONYERS (16) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Malcolm Cody Conyers's Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. #1413). The Government has responded in opposition. (Dkt. #1422). The Court, having considered the motion, the response, and the relevant law, **DISMISSES** the motion for lack of jurisdiction.

### I. BACKGROUND

On December 3, 2012, Conyers pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. (Dkt. #636). Conyers was sentenced to 144 months' imprisonment to be followed by five years' supervised release. (Dkt. #1211). Later, upon a Section 3582(c)(2) motion, the Court reduced Conyers's sentence by four months. (Dkt. #1410). The Bureau of Prisons (BOP) projects a release date of September 12, 2021. (Dkt. #1422 at 2).

On June 7, 2020, Conyers submitted to his warden a request for compassionate release or home confinement, arguing that the risks created by the COVID-19 pandemic constitute extraordinary and compelling reasons warranting a reduction in his sentence. (Dkt. #1413 at 2); (Dkt. #1422-1 at 1). Conyers's warden denied the

request on July 6, 2020. (Dkt. #1422-1 at 1–2). Conyers now returns to the Court seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), arguing, as he did in his administrative request, that his health conditions, combined with the risks created by the current COVID-19 pandemic, present extraordinary and compelling reasons warranting a reduction in his sentence.

## II. DISCUSSION

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance, invoked by Conyers, arises from 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment when "extraordinary and compelling reasons" for a reduction exist that are "consistent with applicable policy statements issued by the Sentencing Commission" and other procedural and substantive requirements are met. 18 U.S.C. § 3582(c)(1)(A).

Although Conyers has met Section 3582(c)(1)(A)'s exhaustion requirement, he has not met the statute's requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission." Conyers's motion must therefore be dismissed for lack of jurisdiction.

### A. Conyers Has Met Section 3582(c)(1)(A)'s Exhaustion Requirement.

Conyers's sentence-reduction motion may be considered only if he first meets Section 3582(c)(1)(A)'s exhaustion requirement. The statute provides that a court may not consider any modification to a defendant's sentence under

Section 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The Director of the BOP may request a sentence reduction in court at any time. *Id.* A defendant may also make such a request but only after fully exhausting remedies within the BOP or after thirty days have passed since he or she filed for administrative remedies. *Id.*[1]

Conyers submitted a request to his warden to be released to home confinement under the First Step Act based on concerns relating to COVID-19. Conyers's warden denied the request. (Dkt. #1422-1 at 1–2). Conyers has therefore met Section 3582(c)(1)(A)'s exhaustion requirement.

## B. Conyers Has Not Met Section 3582(c)(1)(A)'s Requirements for Sentence Modification.

### 1. Conyers must meet Section 3582(c)(1)(A)'s requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission."

Under Section 3582(c)(1)(A)(i), a district court may grant a sentence reduction if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

---

[1] In 2018, Congress passed the First Step Act, Pub. L. 115-391, 132 Stat. 5194, which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant, in addition to the Director of the BOP, to move for a sentence reduction.

Congress did not define what constitute "extraordinary and compelling reasons" for a sentence reduction under Section 3582(c)(1)(A) but instead delegated that authority to the United States Sentencing Commission. In 28 U.S.C. § 994(a)(2), Congress granted the Commission broad authority to promulgate "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in [18 U.S.C. § 3553(a)(2)]." And, as particularly relevant here, in 28 U.S.C. § 994(t), "Congress instructed the Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction [under Section 3582(c)(1)(A)], including the criteria to be applied and a list of specific examples.'" *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (quoting 28 U.S.C. § 994(t)).

The Commission's policy statements, issued under 28 U.S.C. § 994(t), are binding concerning what should be considered extraordinary and compelling reasons for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). As the Fifth Circuit explained in *Garcia*, "a common sense reading" of Section 3582(c)(1)(A)'s phrase that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," is that, "regardless of whether Congress wanted [the Commission's] policy statements to be binding in the sentencing context, it wished them to be binding in § 3582(c) proceedings." *Id.* at 434–35. "If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding." *Id.* at 435; *see also Dillon*, 560 U.S. at 827 (explaining

4

that the Commission's pertinent policy statements are binding on courts in the analogous context of 18 U.S.C. § 3582(c)(2) because Section 3582(c)(2)—using the same language as 18 U.S.C. § 3582(c)(1)(A)—permits a sentencing reduction based on a retroactive guidelines amendment only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Thus, Conyers cannot obtain a sentence reduction under Section 3582(c)(1)(A) merely by asserting reasons that he, or, for that matter, the Court, might believe are sufficiently "extraordinary and compelling" to justify a sentence reduction. Instead, under the plain text of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(t), as well as controlling precedent, Conyers's proffered reasons must be consistent with the Sentencing Commission's applicable policy statements concerning what should be considered extraordinary and compelling reasons for a sentence reduction under Section 3582(c)(1)(A).

2. **Conyers fails to satisfy Section 3582(c)(1)(A) because his alleged "extraordinary and compelling reasons" for sentence reduction are not "consistent with applicable policy statements issued by the Sentencing Commission."**

Conyers's sentence-reduction motion turns on his assertion that the risks to his health associated with COVID-19, coupled with his preexisting health conditions, constitute extraordinary and compelling reasons to reduce his sentence. Conyers's assertion fails because it is untethered to the Sentencing Commission's binding applicable policy statement in Section 1B1.13 of the Sentencing Guidelines. Section 1B1.13 describes what are considered "extraordinary and compelling

reasons" for a sentence reduction under Section 3582(c)(1)(A)(i) and provides no basis for a reduction based on the threat of COVID-19.

Section 1B1.13 allows a sentence reduction for "extraordinary and compelling reasons" only if the reasons are "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3).[2] Application note 1 to the policy statement explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below," which include only: (a) a defendant suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) a defendant at least 65 years old who "is experiencing a serious deterioration in physical or mental health because of the aging process" and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) a defendant who has minor children without a caregiver or with an incapacitated spouse or partner who needs the defendant to be the caregiver; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.*, n.1(A)–(D).

---

[2] U.S.S.G. § 1B1.13 is a binding policy statement under the express terms of Section 3582(c)(1)(A), and, because it concerns only possible sentence *reductions*, not sentence *increases*, it is not subject to the rule of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Dillon*, 560 U.S. at 824–28 (rejecting the proposed application of *Booker* in the related context of a proceeding under Section 3582(c)(2)); *United States v. Doublin*, 572 F.3d 235, 237–39 (5th Cir. 2009) (rejecting application of *Booker* to sentence reductions under 18 U.S.C. § 3582).

Consistent with the application note, the BOP has issued Program Statement 5050.50 ("PS 5050.50"), which describes the BOP's consideration of compassionate-release requests. PS 5050.50, which was amended effective January 17, 2019, following the passage of the First Step Act, sets forth in detail the BOP's definition of circumstances that may support a request for compassionate release, limited to the same bases identified by the Commission: serious medical conditions, advanced age, and family circumstances.[3] *See* PS 5050.50 ¶¶ 3–6.

Neither the Commission's policy statement nor PS 5050.50 provides a basis for compassionate release based on Conyers's COVID-19 concerns. Instead, the grounds for release are limited to individual circumstances involving health, age, family responsibilities, and other reasons as determined by the Director of the BOP. For this reason, courts have concluded that an inmate's concerns about risks associated with the spread of COVID-19 are not consistent with the policy statement of the Commission as required by Section 3582(c)(1)(A). *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); *United States v. Eberhart*, 448 F.Supp.3d 1086, 1090 (N.D. Cal. 2020) ("General concerns

---

[3] PS 5050.50 also requires consideration of a list of nonexclusive factors: "the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and '[w]hether release would minimize the severity of the offense.'" *United States v. Saldana*, 807 F.App'x 816, 819 (10th Cir. 2020) (quoting PS 5050.50 ¶ 7).

about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Because Conyers's compassionate-release motion seeks a sentence reduction based on alleged "extraordinary and compelling reasons" that are not "consistent with applicable policy statements issued by the Sentencing Commission," he fails to meet the requirements of Section 3582(c)(1)(A)(i).[4]

### 3. The First Step Act did not alter the substantive criteria for compassionate release under Section 3582(c)(1)(A).

Following the enactment of the First Step Act, the Sentencing Commission's policy statements have not been updated. The result has been that courts across the country have been divided on the question of whether Section 1B1.13 and its application notes still apply to the "extraordinary and compelling reasons" determination under 18 U.S.C. § 3582(c)(1)(A).

Among circuit courts, the Tenth Circuit first considered the issue when it addressed whether "post-sentencing developments in case law" might constitute an extraordinary and compelling reason under Section 3582(c)(1)(A). *See United States v. Saldana*, 807 F.App'x 816, 818–20 (10th Cir. 2020). Rejecting that argument, the Tenth Circuit held that "neither the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction." *Id*. at 820.

---

[4] Given Conyers's failure to meet Section 3582(c)(1)(A)'s requirements, the Court need not address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction.

8

Other courts, including this Court, have reached the same conclusion as the *Saldana* court; *i.e.*, that while the First Step Act expanded prisoners' access to the courts to file compassionate-release motions under Section 3582(c)(1)(A), it did not alter the substantive standards governing such motions. *See, e.g.*, *United States v. Dodd*, 471 F.Supp.3d 750, 757–58 (E.D. Tex. 2020) ("The fact that Congress's change to section 3582's procedural mechanism necessarily overrides a Sentencing Commission policy statement concerning the same procedural mechanism cannot be translated into congressional intent to alter the statute's provisions governing the merits of compassionate-release motions."); *United States v. Lynn*, No. 89-72, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019) (explaining that "there is no . . . inherent incompatibility between a statute allowing defendants to move for compassionate release and a policy statement allowing BOP a role in determining whether compassionate release is warranted, and thus no basis for deeming the policy statement [in section 1B1.13] overridden"); *United States v. Ebbers*, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020) ("Congress in fact only expanded access to the courts; it did not change the standard.").

Although the Fifth Circuit has not addressed this issue in a published opinion, recently it has issued at least one decision that, consistent with *Saldana*, treated Section 1B1.13 as the Sentencing Commission's "applicable" policy statement for a Section 3582(c)(1)(A) motion. *See generally United States v. Bell*, 823 F.App'x 283 (5th Cir. 2020) (per curiam). In *Bell*, the defendant sought to appeal the denial of his compassionate-release motion under 18 U.S.C. § 3582(c)(1)(A) on the grounds that

9

his sentence was "unduly long and [that] his guilty plea was not knowing and voluntary." *Id.* at 284. The Fifth Circuit dismissed the appeal as frivolous because the defendant's stated grounds for release were not any of the grounds contained in the commentary to Section 1B1.3, and, therefore, the stated grounds were inconsistent with the policy statements of the Sentencing Commission as required by the statute. *Id.* While the court did not address the issue of whether the First Step Act changed the binding nature of the sentencing guidelines, Section 1B1.13 must be binding because the defendant's attempt to depart from the guidelines would not have been deemed frivolous otherwise. *See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (discussing the First Step Act's procedural changes to Section 3582(c)(1)(A) and affirming the district court's denial of compassionate release, which applied Section 1B1.13's policy statement describing when extraordinary and compelling reasons exist for the purpose of sentence modification).

The Court notes, however, that several circuits, beginning with the Second Circuit, have reached a different conclusion. In *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that, because the First Step Act allows inmates, as well as the BOP, to file compassionate-release motions under Section 3582(c)(1)(A), Section 1B1.13 now applies *only* when such motions are made by the BOP and is inapplicable when a compassionate-release motion is made by a defendant. *Id.* at 235–36 (explaining that, while "motions by the BOP still remain under the First Step Act, they are no longer exclusive, and we read [Section 1B1.13] as surviving, but now applying only to those motions the BOP has made"). Thus,

under *Brooker*, when the BOP moves for compassionate release, Section 1B1.13 applies and provides the standard for courts to evaluate whether "extraordinary and compelling reasons" exist warranting a sentence modification. However, if the same motion is made by an inmate, rather than the BOP, a *different* standard applies. Specifically, the different standard would be whatever each district court across the country decides may constitute "extraordinary and compelling" reasons warranting sentence modification under Section 3582(c)(1)(A). *See id.* at 236 ("When the BOP fails to act, Congress made the courts the decision maker as to compassionate release.").

Since *Brooker* was decided, the Fourth Circuit, Sixth Circuit, and Seventh Circuit have agreed, largely or entirely, with the Second Circuit's conclusion. For example, in *United States v. McCoy*, __ F.3d __, No. 20-6821, 2020 WL 7050097 (4th Cir. Dec. 2, 2020), the Fourth Circuit held that "[a] sentence reduction brought about by motion of a defendant, rather than the BOP, is not a reduction 'under this policy statement,'" *i.e.*, under Section 1B1.13, and therefore Section 1B1.13 is not "applicable" to such motions, *id.* at *7–8. *See also id.* at *7 n.7 (explaining that the court's decision "does not leave Guideline § 1B1.13 without practical import" because Section 1B1.13 "continues to govern BOP-filed motions for compassionate release"); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with *Brooker* and holding that there is no "applicable" policy statement for Section 3582(c)(1)(A) motions after the First Step Act, and that "the trailing paragraph of § 3582(c)(1)(A) [requiring any sentence reduction to be consistent with the Sentencing Commission's

11

applicable policy statements] does not curtail a district judge's discretion" because "[a]ny decision is 'consistent with' a nonexistent policy statement"); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (agreeing with *Brooker* and holding that, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion"); *Jones*, 980 F.3d at 1109 n.17 (explaining that, because the *Jones* case involved a compassionate-release motion filed by the defendant, not the BOP, the Sixth Circuit was not "decid[ing] whether § 1B1.13 is an 'applicable' policy statement in cases where the BOP files motions for compassionate release").

This Court remains persuaded that Section 1B1.13's substantive provisions apply to Section 3582(c)(1)(A) motions. The Court's conclusion is driven by the fact that, through the First Step Act, Congress amended procedural provisions of Section 3582(c)(1)(A), but left unamended the substantive criteria applicable to Section 3582(c)(1)(A) motions. Specifically, the First Step Act amended Section 3582(c)(1)(A) to permit a defendant to move the district court directly for compassionate release, overriding those parts of Section 1B1.13 of the Sentencing Guidelines providing that only the Director of the BOP may file such motions. *See supra* n.1. The First Step Act amendments to Section 3582(c)(1)(A), however, did not change the substantive criteria that district courts must apply in making those decisions. The amendments

12

also did not shift the authority to develop such criteria from the Sentencing Commission to the courts.

To the contrary, the First Step Act left unchanged two critical statutory commands vesting the Commission, not the courts, with authority to set the applicable standard for "extraordinary and compelling reasons" warranting a sentence reduction. First, any sentence reduction under Section 3582(c)(1)(A) must still be "consistent with applicable policy statements issued by the Sentencing Commission." Second, "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in Section 3582(c)(1)(A) of Title 18, *shall describe what should be considered extraordinary and compelling reasons for sentence reduction*, including the criteria to be applied and a list of specific examples." 28 U.S.C. 994(t) (emphasis added).

In this regard, when Congress passed the First Step Act, modifying Section 3582(c)(1)(A), it could have altered the statute's requirement that any sentence reduction must be consistent with the Commission's applicable policy statements. It did not. Congress also could have amended the provisions in 28 U.S.C. § 994 expressly vesting the Sentencing Commission with authority: (1) to issue policy statements regarding "the appropriate use" of Section 3582(c)'s sentence-modification provisions, 28 U.S.C. § 994(a)(2)(C), and (2) to promulgate policy statements describing what should be considered extraordinary and compelling reasons for sentence reduction under Section 3582(c)(1)(A), *id*. § 944(t). Again, it did not.

13

Under the circumstances, the Court cannot conclude that the First Step Act's *procedural* modification to Section 3582(c)(1)(A), allowing inmates as well as the BOP to file compassionate-release motions, somehow renders "inapplicable" the Commission's policy statement on the *substantive* requirements governing such motions. Section 1B1.13's provisions concerning "extraordinary and compelling reasons" for a sentence reduction are, on their face, procedurally neutral. The Court can discern no principled reason to treat a purely procedural expansion of Section 3582(c)(1)(A) as somehow nullifying Section 1B1.13's substantive guidance on compassionate release.

Moreover, the Court is concerned that construing Section 1B1.13 to apply only when the BOP files a Section 3582(c)(1)(A) motion, and not when a defendant files such a motion, would be out of step with the well-established purposes of the Sentencing Reform Act. As the Supreme Court has explained, the Act "calls for the creation of Sentencing Guidelines to inform judicial discretion in order to reduce unwarranted disparities in federal sentencing." *Freeman v. United States*, 564 U.S. 522, 525 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (plurality opinion). Consider a scenario in which two inmates present identical circumstances arguably warranting compassionate release under Section 3582(c)(1)(A). Suppose the first inmate files his own Section 3582(c)(1)(A) motion, but the BOP files precisely the same motion on behalf of the second inmate. If Section 1B1.13 applies only when the BOP files a motion, these two inmates, who present *identical* circumstances, would face *differing*

14

substantive standards for their compassionate-release motions. This cannot be what Congress intended through its procedural amendments to Section 3582(c)(1)(A).

More broadly, adopting a construction of the changes wrought by the First Step Act that mandates one substantive standard for what constitute "extraordinary and compelling" reasons warranting a sentence reduction as to BOP-filed compassionate-release motions, and a hodgepodge of different, varying standards—imposed at the boundless discretion of district courts across the country—for defendant-filed compassionate-release motions, would work directly against the core principles of the Sentencing Reform Act, increasing—rather than reducing—unjustified disparity in sentencing. Such disparities will only be compounded given that district courts nationwide will likely apply differing standards to determine what constitute "extraordinary and compelling" reasons warranting compassionate release. *See, e.g.*, *United States v. Price*, No. 07-0152-06, 2020 WL 5909789, at *4 (D.D.C. Oct. 6, 2020) (collecting cases) (holding that, where Congress has not made a reduction in mandatory-sentencing minimums retroactive, courts may determine that this constitutes an "extraordinary and compelling reason" to grant compassionate release to affected defendants, even in the absence of serious health issues). Nothing in the text of Section 3582(c)(1)(A) or 28 U.S.C. 994(t) suggests that Congress intended the application of varying substantive standards to compassionate-release motions depending on whether the motion is brought by the BOP or a defendant himself.

Because the language of the statutes at issue is unambiguous and provides no basis to nullify entirely or in part the application of Section 1B1.13's substantive

15

criteria to Section 3582(c)(1)(A) motions, the Court concludes that Section 1B1.13 provides the Sentencing Commission's "applicable" policy statement concerning the standard to be applied in evaluating whether "extraordinary and compelling reasons" support a sentence reduction. Likewise, this Court remains bound by Fifth Circuit precedent confirming that the Sentencing Commission's policy statements are binding in Section 3582(c) proceedings. *See Garcia*, 655 F.3d at 435 ("If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding.").

For all of these reasons, the Court will adhere to the controlling text of Section 3582, together with Supreme Court and Fifth Circuit precedent, confirming that any proposed sentence reduction under Section 3582(c)(1)(A) must be consistent with applicable policy statements issued by the Sentencing Commission.

**C. Conyers's Motion Must Be Dismissed for Lack of Jurisdiction.**

Because Conyers's sentence-reduction motion fails to meet the requirements of Section 3582(c)(1)(A), it must be dismissed for lack of jurisdiction. It is well settled in the Fifth Circuit that 18 U.S.C. § 3582 sets out the limited instances in which a district court has jurisdiction to modify a term of imprisonment. *See, e.g.*, *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."); *United States v. Marion*, 79 F.App'x 46, 46 (5th Cir. 2003) (per curiam) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)) (stating that "Section 3582(c) limits sentence

16

modification only to certain narrow circumstances, none of which are applicable in Marion's case," and dismissing the motion because it was "unauthorized and without a jurisdictional basis"). In a line of cases spanning over two decades, circuit case law has repeatedly reaffirmed that Section 3582 provides a limited grant of jurisdiction for a district court to modify a term of imprisonment.[5] *See, e.g.*, *United States v. Rene*, 785 F.App'x 240, 240–41 (5th Cir. 2019) (per curiam); *Bridges*, 116 F.3d at 1112. Because these cases speak in terms of Section 3582 as a whole, it follows that Section 3582(c)(1)(A), and the limitations within, circumscribe the Court's jurisdiction.

Under the rule of finality, "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman*, 564 U.S. at 526 (quoting 18 U.S.C. § 3582(c)); *see also Dillon*, 560 U.S. at 819 (same). This limitation on federal courts' power is confirmed in the text of Section 3582. *See* 18 U.S.C. § 3582(c) (stating that, subject to certain exceptions, a court "may not modify a term of imprisonment once it has been imposed").

This "rule of finality is subject to a few narrow exceptions." *Freeman*, 564 U.S. at 526. Section 3582 provides such exceptions, including an exception allowing the Director of the BOP, or a defendant who has fully exhausted all administrative rights,

---

[5] The Fifth Circuit recently held that Section 3582(c)(1)(A)'s requirement that a defendant exhaust administrative remedies with the BOP before filing a compassionate-release motion in federal court is "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020). However, *Franco* does not evince a departure from the decades of precedent holding that Section 3582's substantive requirements are jurisdictional.

17

to move for a modification of the defendant's imprisonment term based on the existence of "extraordinary and compelling reasons" warranting a reduction of the defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[6] If the text of an applicable exception is met, Section 3582 provides that the case falls within the district court's adjudicatory authority to modify the defendant's term of imprisonment. If the text of an applicable exception is not met, there is no jurisdictional basis for the court to modify the term of imprisonment given the longstanding, strict application of the finality rule. Thus, the exceptions set forth in the text of Section 3582 serve to create jurisdiction to modify a defendant's term of imprisonment where no jurisdiction would otherwise exist under the finality rule.

Here, because Conyers has failed to meet the controlling requirements for compassionate release set forth in Section 3582(c)(1)(A), his motion for compassionate release must be dismissed for lack of jurisdiction.

### III. Conclusion

It is therefore **ORDERED** that Defendant Conyers's Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Dkt. #1413), is **DISMISSED for lack of jurisdiction**.

---

[6] Beyond Section 3582, there are additional, limited exceptions to the finality rule. For example, Federal Rule of Criminal Procedure 35(a) authorizes a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error," and Rule 35(b) authorizes a district court to "reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."

**So ORDERED and SIGNED this 18th day of December, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE